IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Yvonne Roundtree
Alyxandria Ruiz
2406 W Fairmount Ave
Baltimore, Md

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

BCDSS, 3007 Biddle St
Baltimore, MD
William Gaunch
Public Defenders Office
300 Gay St, Baltimore, MD

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. ______________________
*(to be filled in by the Clerk's Office)*

Jury Trial: ☑ Yes ☐ No
*(check one)*

FILED ___ ENTERED
LODGED ___ RECEIVED

MAR 20 2020

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Yvonne Roundtree<br>Alexandria Rain |
| Street Address | 2606 W Fairmount Ave |
| City and County | Baltimore, Md |
| State and Zip Code | |
| Telephone Number | mailing address: PO Box 5313 |
| E-mail Address | Portland, Me 04101 |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Yolanda Mathews |
| Job or Title (if known) | Social Worker |
| Street Address | 3007 Biddle St |
| City and County | Baltimore, md |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 2

Name: William Gyaunch
Job or Title (if known): Public Defender Baltimore Juvenile Court
Street Address: 300 Gay St
City and County: Baltimore, MD
State and Zip Code: 
Telephone Number: 
E-mail Address (if known): 

Defendant No. 3

Name: 
Job or Title (if known): 
Street Address: 
City and County: 
State and Zip Code: 
Telephone Number: 
E-mail Address (if known): 

Defendant No. 4

Name: 
Job or Title (if known): 
Street Address: 
City and County: 
State and Zip Code: 
Telephone Number: 
E-mail Address (if known): 

*(If there are more than four defendants, attach an additional page providing the same information for each additional defendant.)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Motion for Reconsideration with Court of Special Appeals Rule 8-605, Appellate Review in the Court of Appeals, (Adoption Chadem #56 Termination of Parental Rights Appeals, Right to Effective Counsel, Md Code 5-307, Rule 9-105 (b) Right to file a Belated Notice of Objection, thru an Appeal 5-320 (a)(1)(iii)(C)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* Alexandria Ruey Yvonne Roundtree, is a citizen of the State of *(name)* Maryland.

b. If the plaintiff is a corporation

The plaintiff, *(name)* __________, is incorporated under the laws of the State of *(name)* __________, and has its principal place of business in the State of *(name)* __________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual Public Defender's Office

The defendant, *(name)* William Gymunch, is a citizen of the State of *(name)* Maryland. *Or* is a citizen of *(foreign nation)* ______.

b. If the defendant is a corporation

The defendant, *(name)* Yolanda Mathews BC Dept Social Services, is incorporated under the laws of the State of *(name)* (State government) Maryland, and has its principal place of business in the State of *(name)* ______. *Or* is incorporated under the laws of *(foreign nation)* ______, and has its principal place of business in *(name)* Baltimore, Md

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

$5 Million dollars, for Placement of Brandon Ruiz Rodriguez in foster home

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

I filed 2 Appeals; (1) in 12/2019 + (2) 1/2020 both appeal were never processed by Judge Emmanuel Brown and Clerk's office of Baltimore Juvenile Court. my request for waive of fee was never processed resulting in a complaint filing on Judge Brown.

A 3rd Appeal was filed By Yvonne Roundtree, Brandon's Grandmother, since she is the Power of Attorney for Alexandria Ruiz. Judge Emmanuel Brown again denied process of Appeal a waive of fees. Y Roundtree was present 6/12/2019 hearing.

Alexandria Ruiz has the right to Reconsideration of the Court of Special Appeals a Right to file Belated Notice of Objection thru an Appeal.

Attachment of Statement of Case is enclosed

I am asking the Court to Reverse lower courts decision. BCDSS never fulfilled there burden of proof for adoption Since now during the Coronavirus I want Brandon Ruiz Rodriguez returned to my family. I only got 1 visit with Brandon 9/2018. There was visits in the Adoption agreement.

**STATEMENT OF FACTS**

On 8/10/2015 B Ruiz was placed in a foster care home by BCDSS. Our family has only had 7 visits, over 5 years with B Ruiz who will be 5 years old on 8/2/2C . That is not even 2 visits per year. The 12/2018 visit was never scheduled so B Ruiz could get his Christmas gift. There was a year and half of no visits. The last visit A Ruiz had with her son was on 9/2018. BCDSS has failed to prove its burden of proof for Alexandria Ruiz with very minimal communication.

Mother has a disability that renders natural parent incapable of consenting and effectively participating in the proceedings, as per Maryland Family Law Section 5-323, Article - Family Law (see attached ). A Ruiz has consented for Y Roundtree, her mother for intervention and standby guardian.

Since mother never consented to terminate her parental rights. William Gyaunch, her public defender misrepresented her on 6/12/2019. She did not consent to terminate her parental right and he did not support the motion to intervene by Y Roundtree, who was present at the 6/12/2019 hearing. A Ruiz has clearly stated her intentions in the signed letter of 5/6/2019, so there would be no confusion (see attached).

The judicial error occurs, since A Ruiz termination of parental rights and motion to intervene is based upon ineffective/misrepresentation of legal counsel and perjury of facts for incorrect information. BCDSS noncommunication with the family and exclusion of Y Roundtree in court hearings, does not fulfill the necessary BCDSS burden of proof requirement. Therefore, Alexandria

AR/YR

Ruiz is filing a Belated Notice of Objection

for her parental rights to be reinstated and reversal of adoption due ineffective counsel. DSS never fully completed with their burden of proof.

On 6/12/2019 court hearing, I was informed that a conditional consent was signed using my signature. This is false, since Alexandria never signed or gave consent for DSS guardianship. Therefore, Alexandria Ruiz signature was forged without my consent.
Also, there is a no contact Post Adoption Agreement that was never discussed with Alexandria.
This is not what I informed William Gyuanch. I told him I want visits with Brandon.
So this Belated Notice of Objection is being filed in my appeal, since I had ineffective counsel.
I do not consent to give up my parental rights or agree to a conditional consent for DSS guardianship.
At the 6/12/2019 hearing, Judge Emmanuel Brown stated the adoption was completed. Alexandria is seeking a reversal based on ineffective counsel, failure of counsel to file a timely objection and forged signature on conditional consent document, from the Court of Special Appeals.

Yvonne Roundtree, Alexandria Ruiz mother was present at the 6/12/2019 hearing and was not informed any conditional consent nor was Alexandria Ruiz. In fact Counsel did not call her. Therefore, Alexandria Ruiz is making reference to the Chaden case, Alexandria Ruiz has a right to effective counsel.

AR | YR

**STATEMENT OF CASE T 18240012**

Appellant is asking to waive all court fees in Circuit Court and the Special Appeals Court, to include transcript cost.

Ms A Ruiz is on doctors care for a bipolar disability and on limited income of social security and submitting waive forms (forms attached ).

This explains not being present during court appearances.

**Belated Notice of Objection to Terminate Parental Rights and Order of Guardianship**

**Since Alexandria Ruiz never consented to the Adoption due to Ineffective Counsel**

**MOTION FOR RECONSIDERATION COURT OF SPECIAL APPEALS**

**RULE 8-605**

**Title 8. Appellate Review in the Court of Appeals and Court of Special Appeals**

**Chapter 600. Disposition**

Alexandria Ruiz is therefore filing **a Motion for Reconsideration with the Court of Special Appeals,** Since due to ineffective counsel circuit court denied all motions and requests. December 4, 2019 was the last court hearing and Alexandria Ruiz was not represented by any attorney.

On June 12, 2019, Judge Emmanuel Brown denied Y Roundtree's motion to intervene for B Ruiz Rodriquez, her grandson. In fact, Judge Emmanuel Brown has denied all motions to reunite Brandon with our family. Due to ineffective counsel by William Gyuanch. I never got most court notices of information of court hearings and guardianship.

Therefore, Alexandria Ruiz is exercising her **Right to file a Belated Notice of Objection, thru An Appeal**

In re Adoption/Guardianship of Chaden M., No. 56, September Term 2010 FAMILY LAW – TERMINATION OF PARENTAL RIGHTS – RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL – DISABILITY ALLEGATION – Under Maryland Code (1999, 2006 Repl. Vol.), § 5-307(a) of the Family Law Article ("F.L.") and Maryland Rule 9-105(b), a natural parent who is alleged to be disabled in a petition for guardianship is entitled to counsel at least until the court makes a disability determination. The right to counsel includes the right to effective assistance of counsel. Counsel who entered her appearance on behalf of the natural parent based on an allegation of disability raised in the petition for guardianship provided ineffective assistance. Counsel assumed that the Department of Social Services ("DSS") agreed that the natural parent was disabled and failed to foresee the possibility that DSS would withdraw its allegation of disability or that the juvenile court would determine that the parent was not disabled. Based on that assumption, counsel did not file a timely notice of objection, which resulted in the natural parent's being deemed by operation of F.L. § 5-320(a)(1)(iii)(C) to have

AR YR

consented to the guardianship. Consequently, the juvenile court terminated the parental rights without a contested hearing because it found that the natural parent was not disabled and had consented, by operation of law. The parent is entitled to a belated notice of objection, as a result of counsel's ineffectiveness.

The Chaden case references Attorney Cheryl J Smith, who was my public defender for almost 4 years. Except for 6/12/2019 hearing when William Gyuanch misrepresented A Ruiz on her parental rights. Alexandria never consented to stop her parental rights or consent to DSS guardianship, nor was she ever informed by court notice, due to ineffective counsel.

This is the reason for filing the Notice of Appeal for the belated notice of objection. BCDSS has refused to meet and communicate with A Ruiz, and her family for an intervention and placement for B Ruiz. Attempts to notify Yolanda MathewsDSS social worker, by telephone and emails were not responded to.

The BCDSS decision does not fulfill DSS burden of proof since it is based on incorrect facts, perjury that represents a judicial error. The notice of appeal for Y Roundtree to get it reversed in the Court of Special Appeals. It was never submitted to Court of Special Appeals by circuit court. There was no court notification until 12/4/2019.

For the duration of this case A Ruiz has had ineffective/misrepresented legal counsel, that hinders her legal right for a fair, unbiased legal decisions in court. A Ruiz letter to William Gyaunch, was to cooperate and help for the motion to intervene, and he did not, so I am citing this legal reference.

IN THE COURT OF APPEALS OF MARYLAND No. 56 September Term, 2010 IN RE ADOPTION/GUARDIANSHIP OF CHADEN M. Bell, C.J., Harrell Battaglia Greene *Murphy Adkins Barbera, JJ. Opinion by Barbera, J. Murphy, J., joins in judgment only. Filed: October 25, 2011 *Murphy, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion. In this case we address the obligation of an attorney, appointed to represent an allegedly disabled parent, to preserve that parent's right to object to a petition for guardianship of the parent's child, in the event that the juvenile court ultimately determines that the parent is not disabled. This matter arose out of a guardianship proceeding instituted in the Circuit Court for Baltimore City ("juvenile court"). The juvenile court granted

AR/YR

guardianship of then-three-year-old Chaden M. to the Baltimore City Department of Social Services ("DSS") on May 7, 2009. Chaden M.'s Mother, April C., was deemed to have consented to the guardianship because neither she nor her appointed attorney filed a timely notice of objection on her behalf. April C. noted a timely appeal to the Court of Special Appeals, which held that April C. had a right to effective assistance of counsel and that April C. was denied that right when her attorney failed to file a timely notice of objection. In re Adoption/Guardianship of Chaden M., 189 Md. App. 411, 438, 984 A.2d 420, 435 (2009). DSS petitioned this Court, and we granted certiorari to consider whether "a non-disabled parent has a statutory right to effective assistance of counsel in a TPR [(termination of parental rights)] case that arises prior to the assertion of that right through the filing of an objection and request for counsel[.]" For the reasons that follow, we hold that, once counsel for April C. had entered her appearance, at the request of DSS and after DSS had alleged that April C. may have been disabled, April C. thereafter had a right to effective assistance of counsel.

The denial of the motion to intervene, DSS custody of guardianship and adoption should be reversed. The denial of 8 times cannot be based on perjury of inaccurate legal representation. This goes against Maryland Family Law Section 5-323, Article - Family Law (see attached ) It is not in accordance with the reunification policy of BCDSS. The burden of proof is on BCDSS and little or no communication with our family contributes to the judicial error. The goal is reunification of the family not separation. During the 5 years there were only 7 visits with B Ruiz, that is not even 2 visits per year. For 3 years A Ruiz did not have any visits. In 9/2018 was A Ruiz last visit with Brandon. Our family does not want B Ruiz taken from us for incorrect information, non-communication, ineffective counsel.

A Ruiz is under doctor's care and is unable to effectively participate in the hearing process. This is duly noted on the court form for request for attorney/notice of objection filed timely, states her William Gyaunch, her public defender misrepresented A Ruiz at the 6/12/2019 hearing.

She did not consent to termination of parental rights. A Ruiz does not agree to BCDSS guardianship or loss of parental rights and has not has not consented with S 5-320 (a)(1)(iii)1 of the subtitle; Maryland Family Law Section 5-323.

AR | YR

In fact, A Ruiz consents to Y Roundtree as a stand by guardianship. Y Roundtree is also A Ruiz, Power of Attorney and the document was distributed to attorneys and Magistrate Troy Hill in 2015.

If a reversal is granted then, this would be unnecessary.

The motion to intervene was denied on:

12/24/2016, 3/13/2017, 8/25/2017, 9/10/2018, 2/8/2019, 3/8/2019, 5/6/2019 & 6/12/2019.

Reunification of family should begin, with all necessary correct information and communication for the process.

**MOTION FOR RECONSIDERATION COURT OF SPECIAL APPEALS**

**RULE 8-605**

**Title 8. Appellate Review in the Court of Appeals and Court of Special Appeals**
**Chapter 600. Disposition**

Alexandria Ruiz is therefore filing **a Motion for Reconsideration with the Court of Special Appeals**, Since due to ineffective counsel circuit court denied all motions and requests. December 4, 2019 was the last court hearing and Alexandria Ruiz was not represented by any attorney.

All motions were denied by Judge Emmanuel Brown, Circuit Court. Alexandria never got court hearing documents or information. Since this case does not present all facts in an appropriate legal manner the judgment opinions, facts etc. need to be reversed. Brandon needs to be returned to our family. This case is also making reference to Chaden case, ineffective counsel.

The fact that Alexandria only had 7 visits with Brandon, her son for 4.5 years by BCDSS.

This is an example of one of the reason DSS did not prove their burden of proof in this case for adoption.

AR/YR

**HATE CRIME**

Our family townhome, since 2012 has been subjected to vandalism, assault, and unlawful and fraudulent B & E by druggies and Anthony Onwaunibe, City Hall, since B Ruiz birth of 2015. This a direct conflict of interest, since there is an ongoing child custody case in circuit court. These attacks resulted in Y Roundtree filing a lawsuit, that is on record in District Federal Court.

These circumstances have slowed down progress of the reunification of the family and prolonged the case. A Ruiz conceived Brandon in Maine, where most of our family lives. Baltimore has a very high crime rate and is not a safe environment for Brandon.

AR/YR

12/4/2019 Court Hearing

14

| IN THE MATTER OF THE PETITION OF THE DEPARTMENT OF SOCIAL SERVICES OF BALTIMORE CITY FOR GUARDIANSHIP WITH THE RIGHT TO CONSENT TO ADOPTION OR LONG TERM CARE SHORT OF ADOPTION | * IN THE CIRCUIT COURT FOR BALTIMORE CITY DIVISION FOR JUVENILE CAUSES |
|---|---|
| 236942 | * Case # T18240012 |

***************************************************************************

**ORDER**

The Court has received and reviewed the request of Birth Mother, Alexandria Ruiz, and Maternal Grandmother, Yvonne Roundtree, for waiver of prepaid appellate costs.

On June 12, 2019, the Court denied Maternal Grandmother's Motion to Intervene, filed in the above captioned case.

On July 11, 2019, Maternal Grandmother filed a Notice of Appeal, Request For Transcript, and Request for Waiver of Prepaid Costs.

On September 26, 2019, this Court found that Maternal Grandmother's Request For Waiver of Costs was frivolous, pursuant to Maryland Rule 1-325(e)(3), and therefore denied the Request. Pursuant to Maryland Rule 1-325.1(c)(2)(C), Maternal Grandmother had 10 days to pay the unwaived costs and failed to do so, automatically withdrawing the Appeal.

On October 10, 2019, Respondent's Mother filed a Notice of Appeal and Request For Waiver of Costs "to coincide" with that of Maternal Grandmother dated 7/11/19. Mother's filing included copies of the same documents filed by Maternal Grandmother with both Mother and Maternal Grandmother's names.

This Court hereby finds:

The Court issued the order of guardianship, which states Ms. Ruiz's conditional consent to the adoption, on June 12, 2019.

Pursuant to Maryland Code, Courts and Judicial Proceedings Subsection 12-302 and Maryland Rule 8-202, Ms. Ruiz had 30 days to file an appeal.

The 30 days lapsed on July 12, 2019. Accordingly, this appeal and request for waiver of prepaid costs is untimely.

Ms. Ruiz also filed her Notice of Appeal and Request For Waiver of Prepaid Costs "to coincide"

with the request made by Ms. Roundtree, filed on July 11, 2019. However, by this Court denied Ms. Roundtree's request prior to Ms. Ruiz's filing. Therefore, there is no prior request to which Ms. Ruiz's request can coincide.

There appearing not to be good cause, the Request for Waiver of Prepaid Costs is therefore DENIED.

Nunc Pro Tunc 11/27/19

It is further ordered that the Clerk of this Court cause a copy of this order to be served upon the parties to this proceeding for whom the Clerk has accurate mailing addresses.

So ordered by this Court.

ORDERED 12/4/19:

Signed by: Emanuel Brown
---------------------------------
Judge

Any request for accomodation under the American with Disabilities Act should be directed to the Building Administration staff of the Baltimore City Juvenile Justice Center, 300 N. Gay Street, Room A1010, first floor, Baltimore, MD. 21202.

True Copy Test

TRUE COPY
TEST

Marilyn Bentley

MARILYN BENTLEY, CLERK

COURT FOR BALTIMORE CITY
1983

6/12/2019 Court Hearing

IN THE MATTER OF THE PETITION OF THE DEPARTMENT OF SOCIAL SERVICES OF BALTIMORE CITY FOR GUARDIANSHIP WITH THE RIGHT TO CONSENT TO ADOPTION OR LONG TERM CARE SHORT OF ADOPTION

236942

* IN THE CIRCUIT COURT FOR
* BALTIMORE CITY
* DIVISION FOR JUVENILE CAUSES

* Case # T18240012

*************************************************************************

## ORDER

The Court having considered the request of Yvonne Roundtree for Motion to Intervene and there appearing not to be good cause therefore, the request is hereby denied .

Motion is denied with prejudice

The following person(s) appeared for the hearing:

Yvonne Vallerie Roundtree (Maternal grandmother)
William M. Gyauch (Defense attorney for the mother for Alexandria Flora Ruiz)
Yolanda N. Matthews (Social Worker)
Mark David Stave (Appointed attorney for the child for Brandon Jacob Ruiz-Rodriguez)
Lisa Fillpot Walker (Attorney for BCDSS)

The following person(s) did not appear for the hearing:

Jose Ivan Rodrigez (Birth Father)
Alexandria Flora Ruiz (Birth Mother)

It is further ordered that the Clerk of this Court cause a copy of this order to be served upon the parties to this proceeding for whom the Clerk has accurate mailing addresses.

TRUE COPY
TEST

So ordered by this Court.

ORDERED 6/12/19:

Marilyn Bentley
MARILYN BENTLEY, CLERK

CIRCUIT COURT FOR ... 1983

Signed by: Emanuel Brown
--------------------------------
Judge

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: March 14, 2020 PRO SE

Signature of Plaintiff Alexandria Ruiz
Printed Name of Plaintiff Alexandria Ruiz
Yvonne Roundtree
Yvonne Roundtree

*(If more than one plaintiff is named in the complaint, attach an additional certification and signature page for each additional plaintiff.)*

### B. For Attorneys

Date of signing: __________, 20__.

Signature of Attorney ______________________
Printed Name of Attorney ______________________
Bar Number ______________________
Name of Law Firm ______________________
Address ______________________
Telephone Number ______________________
Email Address ______________________

FILED ENTERED
LODGED RECEIVED

MAR 20 2020

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Alexandria Ruiz
Yvonne Roundtree *

*

v. Case No. ____________________

*

BCDSS
Public Defenders Office *

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2020, a copy of US District Court - Complaint for Civil Case

which was ~~electronically~~ filed in this case on ____________________, was mailed via first class mail, postage prepaid, to BCDSS attn Yalanda Mathews & William Gyaunch, Public Defenders Office

________________________________________.

March 17, 2020
Date

Alexandria Ruiz
Signature PRO SE

Alexandria Ruiz
Printed Name and Bar Number

2606 W Fairmount Ave
Address Baltimore, MD 21223

____________________
Email Address

mailing address:
Telephone Number

PO Box 5373
Fax Number
Portland, Maine
04101